UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09CV977-J

DARRELL GENE YATES                                                                           PLAINTIFF

VS.

MICHAEL J. ASTRUE,
      Commissioner of Social Security                                                DEFENDANT

### MEMORANDUM OPINION

Before the Court is the complaint of Darrell Yates ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be vacated and the matter remanded for further proceedings.

### PROCEDURAL HISTORY

On February 4, 2005, Claimant filed application for disability insurance benefits. After a hearing, Administrative Law Judge Roger L. Reynolds ("ALJ") determined that claimant's chronic low back pain secondary to degenerative disc disease of the thoracic and lumbar spine, and osteoarthritis of bilateral knees were were severe impairments that prevented him from performing any of his past relevant work. The ALJ further found that he retained the residual functional capacity for jobs existing in significant numbers. This became the final decision of the Defendant on all applications when the Appeals Council denied review on October 28, 2009.

### STANDARD OF REVIEW

1

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

## ARGUMENTS ON THIS APPEAL

Central to plaintiff's claim is his assertion of disabling back and leg pain. While pain may support a claim of disability, the claimant's subjective assertions are not sufficient. 20 C.F.R. Sec. 404.1529(a), King v. Heckler, 742 F.2d 968, 974 (6th Cir. 1984). If there is objective medical evidence of an underlying medical condition, the ALJ is required to determine whether objective medical evidence confirms the severity of the alleged pain, or whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain. Stanley v. Secretary, 39 F.3d 115, 117 (6th Cir. 1994), Felisky v. Bowen, 35 F.3d 1027 (6th Cir. 1994), Jones v. Secretary, 945 F.2d 1365, 1369 (6th Cir. 1991); Duncan v. Secretary, 801 F.2d 847, 853 (6th Cir. 1986).

Plaintiff argues that substantial evidence fails to support the ALJ's determination regarding residual functional capacity. Residual functional capacity (RFC) is an assessment of a claimant's remaining capacity for work once his or her limitations have been taken into account, Howard v. Commissioner, 276 F.3d 235, 239 (6th Cir. 2002); 20 C.F.R. §404.1545(a)(1). Residual functional

2

capacity is what a claimant can still do on a sustained, regular, and continuing basis, <u>Cohen v. Secretary of HHS</u>, 964 F.2d 524 (1992). A claimant bears the burden or proof in establishing his or her RFC, <u>Her v. Commissioner</u>, 203 F.3d 388, 391-392 (6th Cir. 1999). Where, as here, residual functional capacity is largely dependent on evaluation of pain resulting from degenerative disc disease (which produces very different levels of pain in different patients), both the medical evidence and the credibility of the plaintiff's testimony must be carefully examined.

The ALJ found that plaintiff had the residual functional capacity for light work. Light work calls for the ability to sit, stand, and walk for up to six hours in an eight hour day. Mr. Yates contends there is insufficient evidence that he could do this. He points to several pieces of evidence that he believes are inconsistent with that conclusion and argues that they were improperly disregarded.

Plaintiff points to the opinion of Dr. Raque that as a result of "severe advanced degenerative disc disease in all the discs in his lower back," Mr. Yates was suffering from pain serious enough to require Duragesic patches. Tr. 207, 208. The ALJ noted Dr. Raque's statement that Mr. Yates was "not a surgical candidate." The ALJ related this to Dr. Osborn's opinion that claimant would "gradually improve without surgery." Tr. 17. Thus, there is some reason to believe that the ALJ took the "not a surgical candidate" statement to mean that Mr. Yates' condition was not severe enough to warrant surgery. However, in light of Dr. Dimar's opinion that the the multilevel nature of the degenerative disc disease meant that surgery might worsen the pain, it is not clear that the ALJ considered the possible implications of Dr. Raque's opinion. Because of this ambiguity, the Court is unable to determine whether the Dr. Raque's opinion was improperly dismissed.

A June 2005 assessment by Occupational Kinetics records inability to walk, sit or stand on

more than an occasional basis. Tr. 192. The ALJ addressed the Occupational Kinetics report, but found it to be *consistent* with the opinion of the state agency evaluators that claimant could perform a restricted range of medium duty work. Tr. 21. It appears that this conclusion is based on Occupational Kinetics' assignment of an "Overall Strength Category" of "Medium." Tr. 195. It is not clear, however, how the ALJ related that "overall strength" assessment to the more specific limitations of walking, sitting and standing to "occasional." Thus, again, the ambiguity prevents the Court from determining whether the ALJ mishandled the evidence of record.

Because of the necessity of remand for further proceedings to clarify these ambiguities, the Court need not reach plaintiff's argument regarding credibility evaluation.

An order in conformity has this day entered.

.